Continuation of Application for Search Warrant

INTRODUCTION

I, Nicholas Mascorro, being first duly sworn hereby state as follows:

1. Based on the information set forth below, there is probable cause to believe that evidence of violations of federal law, specifically, Title 21, U.S.C. § 841(a)(1), possession with intent to distribute controlled substances and Title 18, U.S.C. § 922 (g)(1), felon in possession of firearm / ammunition will be found on the two electronic devices (hereinafter the "Subject Devices"), specifically:

   a. One (1) black Samsung IMEI 350603974677731 telephone number 248-573-9533 cellular telephone (Lansing Police Department 2151901211 Item #4) and

   b. One (1) black LG IMEI 358853103575569 telephone number 269-999-3872 cellular telephone (LPD 2151901211 Item #19).

The categories of electronically stored information and evidence sought are described in Attachment B.

2. This Application requests the issuance of a warrant to examine the Subject Devices which were seized on December 29, 2021, during a search warrant service at 1133 West Ionia Street, Lansing, Ingham County, Michigan.[1]

3. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and I have served as such since March 2016. I am a graduate of the Special Agent Basic Training Program at the ATF National Academy and of

---

[1] Local investigators previously obtained State of Michigan search warrants authorizing the search of the Subject Devices. Data extractions of these devices were completed by Lansing PD. With the acceptance of this case by the United States Attorney's Office, a federal search warrant is sought, independent of those warrants, for federal prosecution.

1

the Criminal Investigator Training Program at the Federal Law Enforcement Training Center. I have conducted multiple investigations into the unlawful possession and use of firearms, the possession and distribution of controlled substances, and conspiracies associated with firearm and narcotic offenses. I am presently assigned to ATF's Lansing Office.

4. The information set forth in this continuation for a search warrant is based upon my personal knowledge, as well as information provided to me by other witnesses. As this continuation is submitted solely to establish probable cause for the search of the Subject Devices, I have not set forth all of the information known to me or to other law enforcement officers concerning this matter.

5. I know that drug traffickers frequently utilize mobile telephones to facilitate drug trafficking. Mobile phones often contain evidence indicative of drug trafficking, including records of incoming and outgoing calls and text messages with suppliers of narcotics; voicemail messages; photographs of drugs, photographs of firearms and ammunition, coconspirators, or currency; and, in the case of "smart phones," Global Positioning System (GPS) data indicating the location of the device at given points in time, providing evidence that the device was in high drug trafficking areas.

6. Additionally, drug traffickers typically maintain and use multiple mobile phones to facilitate sales, and frequently switch phones to evade detection by law enforcement. Further, these types of devices are frequently used to access social media websites such as Facebook, Instagram, etc.

7. I know that individuals who illegally possess firearms and ammunition often utilize cell phones to acquire, document possession, and distribute firearms and ammunition utilizing text messaging, photographs/videos, calls, emails, social media, etc.

## PROBABLE CAUSE

8. ATF and LPD are currently conducting a joint investigation of Carrie COTTRELL for violations of Title 21, U.S.C. § 841(a)(1), possession with intent to distribute controlled substances and Title 18, U.S.C. § 922 (g)(1), felon in possession of firearm / ammunition.

9. I located the following felony conviction for COTTRELL:

   a. 7-20-2005 – felony controlled substance – possess (cocaine, heroin or another narcotic) 50-449 grams.

10. On December 29, 2021, LPD served a search warrant at 1133 West Ionia Street, Lansing, Ingham County, Michigan. LPD located COTTRELL, Miracle Brandon and Ericka Noelp inside the residence.

11. LPD interviewed Noelp, who advised that she rents the residence and lived downstairs. Noelp also advised that Brandon was COTTRELL's girlfriend but did not live at the residence. Noelp advised that COTTRELL rents the upstairs northeast bedroom. Noelp advised that she has seen COTTRELL with a black revolver with a wooden handle and that she first noticed the gun about two months earlier on his bed.

12. LPD interviewed Brandon, who advised that when LPD knocked on the door she was laying in the bed in the northeast bedroom and COTTRELL was in the

3

southwest room but then COTTRELL came into the northeast bedroom and looked out the window. Brandon advised, she went downstairs and as she was going downstairs she looked back and observed COTTRELL still in the northeast bedroom.

13. During the search LPD located and seized the following items:

   a. .28 grams of suspected fentanyl located in the northeast bedroom;

   b. .26 grams of suspected heroin located in the northeast bedroom;

   c. Four (4) yellow rounds of .38 caliber ammunition located in the northeast bedroom;

   d. one (1) black Samsung IMEI 350603974677731 telephone number 248-573-9533 cellular telephone (Subject Device) located in COTTRELL's hand;

   e. one (1) black LG IMEI 358853103575569 telephone number 269-999-3872 cellular telephone (Subject Device) located in the northeast bedroom on the bed;

   f. one (1) black Smith and Wesson .38 caliber revolver bearing serial number 9J7502 with a brown handle loaded with five (5) yellow .38 caliber rounds of ammunition located outside in the yard of 1129 West Ionia Street, which is the house just to the east of 1133 West Ionia Street near the northeast bedroom's east window;

   g. 21.065 grams of heroin located next to the above listed firearm and

   h. 17.835 grams of fentanyl located next to the above listed firearm.

14. LPD advised there is a window in the northeast bedroom on the east side of the residence and there are no windows on the main floor on the northeast side of the residence.

15. LPD obtained a DNA swab from COTTRELL and the Michigan State Police Laboratory determined that there was very strong evidence that COTTRELL's DNA was on the above listed Smith and Wesson revolver.

16. The amounts of 21.065 grams of heroin and 17.835 grams of fentanyl are consistent with distribution amounts of narcotics.

17. ATF Interstate Nexus Expert Special Agent Heidi Wallace advised that the above listed Smith and Wesson revolver is a firearm under federal law and was not manufactured in the State of Michigan.

18. Based on the information set forth, the physical evidence seized, and my knowledge, training and experience in drug trafficking investigations and felon in possession of firearms / ammunition investigations, I respectfully submit there is probable cause to believe additional evidence of drug trafficking and being a felon in possession of a firearm / ammunition will be found in electronic format on the Subject Devices.

19. Based on the totality of the circumstances, there is probable cause to believe that those Subject Devices will contain contact lists, telephone logs, photographs and other data that relate to drug trafficking and illegal possession of firearms / ammunition.

20.     The Subject Devices are in storage at the Lansing Police Department Operations Center in Lansing, Michigan. The Subject Devices have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the Subject Devices were first seized by law enforcement on December 29, 2021.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

21.     The warrant applied for would authorize the extraction and copying of electronically stored information, under Rule 41(e)(2)(B).

22.     I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

23.     *Forensic evidence.* This application seeks permission to locate forensic electronic evidence that establishes how the Subject Devices were used, the purpose of the use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the Subject Devices because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file) and

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

24. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Subject Devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

25. I respectfully submit that there is probable cause to believe that COTTRELL has engaged in the possession with intent to distribute controlled substances in violation of Title 21, U.S.C. § 841(a)(1) and that COTTRELL was a previously convicted felon in possession of firearm / ammunition, in violation of Title 18, U.S.C. § 922(g)(1). I submit that this application supplies probable cause for a search warrant authorizing the examination of the Subject Devices described in Attachment A to seek the items described in Attachment B.